**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG, | |
| Plaintiff | NO. 2:21-cv-00377 |
| v. | |
| GN GIFTS AND HERBAL LLC, ET AL., | |
| Defendants | |

**PLAINTIFF ANDREW PERRONG'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS AND INCORPORATED MEMORANDUM IN SUPPORT**

The Plaintiff brought this action under the Telephone Consumer Protection Act, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). On February 22, 2021, the Plaintiff served his first set of discovery upon both Defendants in this action, GN Gifts and Herbal LLC and Man Khalsa. *See* Exhibit A. Defendants provided their responses on March 30, 2021. *See id.* Defendants agreed to produce a sum total of only two documents, which the Plaintiff still has not received, as well as made mostly incoherent responses to his interrogatories, which, among other things, identified, by name only, third parties not disclosed in their initial disclosures, who might have potentially discoverable information or who may have also participated in the conduct alleged herein.

Pursuant to Local Rule 26.1(f), the parties attempted repeatedly to reasonably resolve this dispute, including via e-mail on April 8, a teleconference on April 13, in which Defendants agreed to supplement certain responses and provide the documents identified in their responses to the Requests for Production. Despite these assurances, however, no supplemental discovery nor the documents identified have yet been produced. The Parties also had a short teleconference on April

1

22, in which counsel made assurances that the supplements and documents would be forthcoming imminently, but such documents and supplemental responses never materialized. Simply put, counsel for Defendants has been derelict in his duty to cooperate in good faith with the Plaintiff and provide discovery and seasonably supplement responses. In fact, counsel for Defendants has admitted that his responses were woefully deficient and apologized for them, but has done nothing to remedy such issues. As such, efforts at resolution have been unsuccessful.

**LAW AND ARGUMENT**

The Federal Rules provide for broad discovery, permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The requested evidence is critical to the fact-intensive inquiry necessary to resolve disputed issues with respect to the Defendant's violative conduct of the TCPA as well as their relationship with vendors for whose actions they may be liable, as other courts have held in the TCPA vicarious liability context. *See e.g. Braver v. Northstar Alarm Serv's, LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in a TCPA telemarketing case); *see also In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *20-23 (N.D. W.V. 2014) (granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing case); *Johansen v. Liberty Mut. Grp.*, 2017 U.S. Dist. LEXIS 200422, *5-11 (D. Mass. 2017) (same).

Moreover, many of the interrogatories and requests for production sought to be compelled here seek information regarding the Defendants' relationship with third parties hired by the Defendants to conduct telemarketing, sales, and shipping on its behalf, which is important because

FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *accord In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

Interrogatories at Issue:

For the sake of space, the Plaintiff has reproduced in full his interrogatories to both Defendants in Exhibit A, along with Defendant's responses, and incorporates them herein by reference.

1. Khalsa's Interrogatories 1 and 2 were not responded or objected to at all. Such interrogatories sought information surrounding the relationship between Defendant Khalsa and Defendant GN Gifts and Herbal. Such information is relevant and discoverable because the Communications Act of 1934, which contains a *respondeat* superior provision, imposes personal liability on corporate officers for a company's telemarketing violations. *See* 47 U.S.C. § 217. Defendants clarified that their lack of a response to these interrogatories was an oversight and agreed to supplement but have not done so. The Court should therefore compel responses to these interrogatories.

2. GN's Interrogatory 2 sought information as to third parties, vendors, or sub-vendors who were involved in the telephone calls the Plaintiff. Defendant GN identified a third party, "MSRY Gifts and Private Limited" who may have been involved. As described above, such information directly speaks to the issue of vicarious liability and seeks to uncover the scope and extent of this third party's conduct in conducting illegal telemarketing for Defendant. However, no response was given as to the nature of such involvement, the address, state of incorporation, or other information regarding this entity, who does not even appear in a Google

search. Defendant agreed to supplement to include that information but have not done so. The Court should therefore compel a more wholesome response to this interrogatory.

3. GN's Interrogatory 3 sought information as to the nature of its business. As alleged in the Complaint, Defendants are United States persons who processes credit card transactions on behalf of corporations/individuals in India who sell and ship, *inter alia*, medications, including illegal Viagra and Cialis, to victim consumers within the United States. Defendant GN, in their response to Interrogatory 4, indicated that they retain 20% of the proceeds from such transactions, which total on average $3,000 per day, and then remit the remainder of 80% elsewhere, although they do not state where this almost $100,000 a month is going. Furthermore, third-party discovery from Square, Defendants' credit card payment processor, not only revealed that Defendant employs third parties to ship medication from India into the United States but also that they utilize a complex network of "burner" telephones and text messaging programs, including WhatsApp and TextNow to conduct their business and stay under the radar of US and international regulatory authorities. Defendants agreed to supplement these responses to address these inconsistencies and lies under oath but have not done so. The Court should therefore compel a more wholesome response to this interrogatory.

Requests for Production at Issue:

1. Both Defendants' Request for Production 1 sought all information relied upon to draft the Defendants' responses to interrogatories. Defendants agreed to produce both a call log and service and sale agreement but have not done so. In fact, this was the sum total of *any* documents the Defendants agreed to produce. The Court should therefore compel production of these documents. Moreover, the Plaintiff will seek further assistance from the Court if such

documents are nonresponsive or are inadequate.

2. Khalsa's Request for Production 5 sought information as to Khalsa's responsibilities regarding TCPA compliance for GN Gifts. Such information is relevant and discoverable because the Communications Act of 1934, which contains a *respondeat superior* provision, imposes personal liability on corporate officers for a company's telemarketing violations. See 47 U.S.C. § 217. Defendants clarified that their lack of a response to this request was an oversight and agreed to supplement but have not done so. The Court should therefore compel production of these documents.

3. GN's Request for Production 5 sought information surrounding the credit card charges Plaintiff received, which were charged directly as a result of the illegal telemarketing calls at issue in this case. At first, GN claimed that they had no responsive documents, despite two third-party subpoenas clarifying that such documents existed. When pressed, counsel later clarified that this was an oversight and agreed to produce all responsive documents with respect to this request but have not done so. The Court should therefore compel production of these documents.

4. GN's Request for Production 10 sought information related to complaints to GN surrounding specifically telemarketing and do-not-call requests. Such information is directly relevant to proving knowing/willful violations of the TCPA because they would demonstrate that Defendants were on notice as to their illegal telemarketing, either directly or through third parties, and did nothing. Furthermore, such documents might produce evidence or uncover potential witnesses who might corroborate the Plaintiff's claims or experiences with the illegal telemarketing calls as alleged in the complaint. Defendants disagreed that such complaints were relevant and refused to produce any responsive documents. As such, the parties are at an

impasse. The Court should compel such documents because they will tend to show the "practices between the parties" who may have placed the calls at issue, "show the extent to which" they were authorized, and demonstrate any benefits conferred, despite complaints. *Frey v. Frontier Utilities Northeast, LLC*, No. 19-2372, ECF No. 77 (E.D. Pa, April 13, 2020). As such, the documents are directly relevant not only to the TCPA issues but also vicarious liability and should therefore be compelled.

     5.     GN's Requests for Production 11–14 [Khalsa's RFPs 8–11] sought information surrounding correspondence with third parties, including the entity referred to as MSRY Gifts and Private Limited, surrounding any "agreements" with such third parties, "telemarketing or customer acquisition" the "Square merchant processing account," or eight specific keywords which were either mentioned during the calls or related to the calls, which were for the purpose of selling male enhancement products. Here, Defendant produced no correspondence and went as far as to contend both in their responses to the request as well as during their meet and confer call that no responsive documents existed and that they would undertake a second search to verify this. Such statements scream of spoliation, especially given the fact that the Plaintiff has already uncovered portions of such communications through subpoenas to third parties, including Defendants' payment processor, Square. It is simply beyond reason that no documents exist outlining any business agreement, telemarketing, consumer acquisition, a lucrative merchant processing account, or the goods sold on the calls, when almost $100,000 *a month* is *admittedly* sent to third parties, including MSRY Gifts and Private Limited, and where the fee split is *admittedly* 80%/20%. As such, the Court should compel responses and production of all documents requested in these requests. In the event Defendants still contend that no responsive documents exist, and in the face of obvious misconduct and spoliation, the Court should also

additionally allow the Plaintiff to secure an expert to forensically image and search Defendants' electronic devices, email accounts, and cellular telephones for such information.

6.     GN's Request for Production 21 [Khalsa's RFP 16] sought information with third-parties surrounding the litigation. Defendants cited a privilege exception, but pointed to no authority for the proposition that communications with third parties, such as between GN Gifts and MSRY Gifts and Private Limited, would in any way be privileged. When pressed, counsel for Defendants claimed that he misinterpreted such request to encompass communications between GN Gifts and third parties such as legal assistants and paralegals at his firm, which would be privileged. When Plaintiff clarified this request, especially in the context of Requests 11–14, counsel for Defendants stated that he would double-check for such information. Again, given the nature of the litigation and given that the Defendants communicate with third-parties about non-legal issues, such as credit card disputes on their merchant account, it is almost certain that such documents exist and raise a strong inference of spoliation if Defendants continue to claim that no such documents exist. As such, the Court should compel responses and production of all documents requested in these requests. In the event Defendants still contend that no responsive documents exist, and in the face of obvious misconduct and spoliation, the Court should also additionally allow the Plaintiff to secure an expert to forensically image and search Defendants' electronic devices, email accounts, and cellular telephones for such information.

## **CONCLUSION**

For the reasons stated herein, the motion should be GRANTED.

[Signature Block Follows]

Dated: **April 26, 2021**

By: <u>*/s/ Andrew Perrong*</u>
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 a copy of the foregoing Motion to Compel Discovery was filed electronically via CM/ECF.

By: <u>*/s/ Andrew Perrong*</u>
Andrew Perrong
